THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNQUE DARON JONES-ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES LLC, *et al.*, <br><br> Defendants. | CASE NO. C24-1836-JCC <br><br> ORDER |

This matter comes before the Court on Defendants TransUnion LLC's and Equifax Information Services LLC's motions to dismiss (Dkt. Nos. 24, 25) and Plaintiff's second motion for leave to amend his complaint (Dkt. No. 33).[1] Having considered the briefing and the relevant record, the Court GRANTS Defendant TransUnion's motion in whole, DENIES Defendant Equifax's motion in part, and GRANTS Plaintiff motion solely as to certain claims against Equifax.

I.   **BACKGROUND**

This is a Fair Consumer Reporting Act ("FCRA") suit for alleged inaccurate reporting,

---

[1] Plaintiff has lodged multiple motions to amend, (Dkt. Nos. 30, 32, 33), following Defendants' motions to dismiss. The Court treats the most recent request (Dkt. No. 33) as the operative motion and STRIKES the preceding ones (Dkt. Nos. 30, 32) as moot.

failure to investigate, and failure to timely send a report. (*See generally* Dkt. No. 33.) The relevant reporting relates to a debt Plaintiff owed to the Washington State Department of Social and Health Services ("DSHS"). (*See* Dkt. No. 22 at 3.) In June 2022, he owed $1,615.90. (Dkt. No. 33-2 at 33.) In July 2022, Plaintiff brought the balance to $0, (*see id.*), and the account was closed, (Dkt. No. 33-3 at 21). Defendant credit reporting agencies both reported his June 2022 account balance. (Dkt. Nos. 33-2 at 19, 33-3 at 21.)

Plaintiff later disputed this credit history and obtained records from Equifax and TransUnion, although he alleges that they failed to timely send him his consumer file(s). (Dkt. No. 22 at 3–5.) Plaintiff further alleges that the reporting companies misreported his June 2022 DSHS account status. (*Id.* at 3) (*see also* Dkt. No. 33-1 at 4, 6). In a fourth proposed complaint (Dkt. No. 33-1), Plaintiff adds allegations that Equifax also misreported his December 2023 and April 2024 DSHS account status. (Dkt. No. 33-1 at 6.)

As a result of these inaccuracies, Plaintiff alleges that his credit rating was affected and that he suffered economic damages. (Dkt. No. 22 at 4.) He brings a variety of federal FCRA claims. (*Id.* at 5–9.) Plaintiff brings similar claims under Washington state law. (*Id.* at 10–11.)[2] Defendants removed the case and now move to dismiss for failure to state a claim. (*See generally* Dkt. Nos. 24, 25). Plaintiff subsequently moved to amend his complaint, (Dkt. No. 33), which TransUnion opposes, (*see* Dkt. No. 37 at 7–10).

II.   **DISCUSSION**

  A.   **Legal Standard**

A party may assert that another has failed to state a claim in an affirmative motion to dismiss. Fed. R. Civ. P. 12(b)(6). Here, in response to Defendants' motions, Plaintiff made various factual submissions. (*See, e.g.,* Dkt. Nos. 28-1, 33-2, 33-3.) The Court may consider

---

[2] Specifically, in his amended complaint, Plaintiff mentions violations of the Washington Fair Credit Reporting Act, the Consumer Protection Act ("CPA"), and state libel law. (Dkt. No. 22 at 1, 10, 11.)

these factual submissions and convert the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). On such a motion, the non-moving party has the burden of raising a material issue of fact, or else judgment will be entered against them. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *Pro se* parties like Plaintiff are given leniency but still must meet basic procedural requirements. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Motions to amend a complaint should also be freely granted, Fed. R. Civ. P. 15(a)(2), but need not be if amendment would be futile. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017).

The Court first addresses Plaintiff's claims for false credit reporting, then for failure to timely provide his credit file.

### B.   The June 2022 Credit Reports were Accurate

Plaintiff's FCRA claims under 15 U.S.C. § 1681e and 1681i have similar elements to their state counterpart. *See Cain v. TransUnion LLC*, 2006 WL 328409, slip op. at 3 (W.D. Wash. 2006) (comparing 15 U.S.C. § 1681 with RCW 19.182.005). Under federal and state law, a plaintiff must show there was a credit report with inaccurate information. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (for claims under 15 U.S.C. § 1681i); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) (for claims under 15 U.S.C. § 1681e). Even if a credit reporting agency fails to conduct a reasonable investigation or fulfill some other FCRA obligation, in the absence of an inaccuracy a plaintiff's claim fails as a matter of law. *Keller v. Experian Info. Sols., Inc.*, 2017 WL 130285, slip op. at 5 (N.D. Cal. 2017). The purpose of these sections is to protect against misinformation, not abstract procedural harms. *See Carvalho*, 629 F.3d at 890. Without an inaccuracy, then, Plaintiff's claim fails.

As for the reports on June 2022, Plaintiff's factual submissions confirm that there is nothing inaccurate about the reporting. He maintained a balance due on his DSHS account in

ORDER
C24-1836-JCC
PAGE - 3

1   April, May, and June 2022.³ (Dkt. No. 33-2 at 33.) It was not until July 2022 that he paid the full
2   amount. (*Id.*) And it was only in July 2022 that the account was closed. Therefore, the
3   undisputed facts contradict his allegations. Further attempts to amend the complaint with respect
4   to June 2022 would be futile. As this is the only inaccuracy alleged against TransUnion,
5   Plaintiff's claims against this Defendant fail as a matter of law.⁴

6   Defendant Equifax, on the other hand, does not oppose Plaintiff's motion to amend his
7   complaint, presumably due to the additional inaccuracies alleged against them in later months.
8   Therefore, Plaintiff may amend his complaint but only as to Equifax and only as to the alleged
9   December 2023 and April 2024 inaccuracies.

   **C.   The File was Improperly Requested**

11  Plaintiff also alleges the Defendants failed to timely send him his requested file. (Dkt.
12  No. 22 at 9) (citing 15 U.S.C. § 1681g). Credit reporting agencies like Defendants are required to
13  disclose consumers' files once per 12-month period free of charge, but "only if the request from
14  the consumer is made using the centralized source established." 15 U.S.C. § 1681j(a)(1)(A–B).
15  Plaintiff does not dispute that the centralized source is a website and phone number. (*See* Dkt.
16  No. 25 at 7.) But Plaintiff did not utilize these resources. Instead, he invoked his right to free
17  disclosure against both Defendants by certified mail. (Dkt. Nos. 33-2 at 2–3, 33-3 at 2–3.)
18  Therefore, he did not comply with the statutory requirements and, for this reason, this claim
19  against both Defendants fails as a matter of law.

---

³ Plaintiff admits he was delinquent but indicates that he did not believe this account would be collected on or considered delinquent by DSHS. (Dkt. No. 38 at 2–3.) These arguments about what Plaintiff did or did not expect from DSHS have no relevance to whether Defendants' June 2022 reporting was accurate.

⁴ This also includes Plaintiff's claims against TransUnion under Washington's CPA and libel law. An action for libel requires falsity. *See Mark v. Seattle Times*, 635 P.3d 1081, 1088 (Wash. 1981). Again, Plaintiff cannot show the June 2022 reporting was false. And Plaintiff's CPA claim against TransUnion depends upon the validity of other claims. (*See* Dkt. No. 22 at 11) (*see also* RCW 19.182.150) (explaining that a violation of state FCRA is a violation of the state CPA). Because none of his other claims withstand scrutiny, there is nothing left to support Plaintiff's CPA claim.

### III. CONCLUSION

For the foregoing reasons, Defendant TransUnion's motion to dismiss (Dkt. No. 24) is GRANTED. All claims against TransUnion are DISMISSED with prejudice. Defendant Equifax's motion to dismiss (Dkt. No. 25) is DENIED in part and GRANTED in part. Plaintiff's claim against Equifax for failure to timely send a report is DISMISSED with prejudice. Plaintiff's motion to amend his complaint (Dkt. No. 33) is GRANTED in part as to the remaining claims against Equifax for alleged December 2023 and April 2024 inaccuracies, but it is DENIED as to the claims dismissed.

DATED this 11th day of February 2025.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE